641 So.2d 480 (1994)
Felicia WEIMER and John H. Lehman, as Personal Representatives of the Estate of Catherine F. Lehman, Deceased, Appellants,
v.
Vera WOLF and Heinz Bohr, as Personal Representatives of the Estate of Alice Ruth Weissman, Deceased, Appellees.
No. 93-03410.
District Court of Appeal of Florida, Second District.
August 19, 1994.
William F. Brewton, Dade City, for appellants.
David D. Neiser, Tampa, for appellees.
ALTENBERND, Judge.
The personal representatives in this wrongful death action appeal a final summary judgment that awarded no damages to the decedent's adult children. Despite the well-presented arguments of the personal representatives, who are Ms. Lehman's adult children, we must affirm the summary judgment because such damages were not available at the time of the decedent's death.
Catherine Lehman died in an automobile accident on March 30, 1986. She was a passenger in a car driven by Alice Weissman, who also died in the accident. Ms. Lehman's personal representatives sued Ms. Weissman's estate for damages.
At the time of her death, Ms. Lehman was single. She was survived by two adult children. Both children were over the age of twenty-five, and neither was dependent on Ms. Lehman for support and maintenance. The personal representatives requested damages to compensate these adult children.
The parties stipulated that Ms. Lehman's estate suffered damages totalling $265 for unreimbursed funeral expenses and ambulance services. Ms. Weissman's estate moved for partial summary judgment to limit the total damages to this amount. The trial court reviewed the applicable statutes and determined that the damages could not exceed $265. The estate admitted liability under these circumstances, and the trial court entered a final summary judgment for this minimal amount.
A brief review of the legislative development of the Wrongful Death Act is helpful. When the Act was created in 1972, the term, "minor children," was defined to include unmarried children under the age of twenty-one. *481 Ch. 72-35, § 1, Laws of Fla. (codified at § 768.18(2), Fla. Stat. (Supp. 1972)). "Survivors" included minor children and dependent relatives. § 768.18(1), Fla. Stat. (Supp. 1972). Minor children were entitled to receive damages for pain and suffering. § 768.21(3), Fla. Stat. (Supp. 1972). The estate could recover net accumulations only if the decedent's "survivors" included a spouse or lineal descendants. § 768.21(6)(a), Fla. Stat. (Supp. 1972). In 1972, if the decedent was an adult, had no spouse, and had either no children or only adult children, the Wrongful Death Act provided a very limited recovery.
Because such limited awards for a death often seemed unreasonable, the legislature amended the Wrongful Death Act in 1981 to permit recovery of net accumulations by the estate not only when a surviving spouse or lineal descendant existed, but also when an adult decedent had no "survivors." Ch. 81-183, Laws of Fla. Adult children still could not pursue damages for their grief and sorrow, but the estate was allowed to recover damages for net accumulations, which could be inherited by the adult children. The 1981 amendment eliminated at least some of the perceived inequities in the statute.
The 1981 amendment, however, had two apparent drawbacks. First, it allowed a decedent's estate to recover damages when there was no one to inherit the funds. See Vildibill v. Johnson, 492 So.2d 1047 (Fla. 1986). In cases of intestacy, the statute allowed for recoveries that escheated to the state of Florida. § 732.107, Fla. Stat. (1981). Second, if read literally, it also provided no recovery of net accumulations for a parent who was not dependent on the decedent at the time of death. See Staff of Fla.S.Comm. on Jud.-Civ., SB 287 (1985) Staff Analysis 1 (rev. May 2, 1985) (Florida State Archives).
Primarily to cure the second problem, the legislature amended the Wrongful Death Act in 1985 to permit recovery of net accumulations either when the decedent's "survivors" included a spouse or lineal descendant or when the decedent was not a minor child as defined in section 768.18(2), neither support nor services were recoverable under subsection (1), and there was a surviving parent.[1] Ch. 85-260, § 1, Laws of Fla. (codified at § 768.21(6)(a)2., Fla. Stat. (1985)). The 1985 amendment solved the escheat problem and allowed parents to recover damages, but barred recovery when the adult decedent was survived by an adult child instead of parents. It is clear from the legislative history that the legislature never intended this amendment to eliminate damages for adult children.
In 1990, the legislature again addressed this problem by permitting all children to recover for loss of parental companionship if the deceased parent had no surviving spouse. Ch. 90-14, Laws of Fla. Thus, if Ms. Lehman had died a few years earlier, her children would have inherited the net accumulations recovered by her estate. If she had died a few years later, they would have been entitled to their own award for loss of parental companionship. Because this accident occurred in 1986, however, the statute then in effect permitted them no damages for the wrongful death of their mother.
Ms. Lehman's personal representatives rely extensively on Vildibill and encourage this court to liberally construe the Wrongful Death Act in favor of the two adult children. In Vildibill, the supreme court interpreted the 1981 version of the Act and construed "survivor," in section 768.21(6)(a), to mean a survivor who was entitled to some other remedy under the Act. This interpretation of the 1981 Act does not help the adult children in this case under the 1985 Act. In order to provide a remedy to these adult children, we would be forced to amend the plain language of the statute.
The personal representatives encourage us to override the strict letter of the statute, as was done in Vildibill, in order to accomplish that which they argue to be the legislature's intent  an award of net accumulations for the benefit of these adult children. Although it is clear that the legislature accidently created the problem for adult children while attempting to solve a problem concerning *482 parents, it is not clear that the legislature had any specific intent in 1985 concerning the proper solution for adult children. Indeed, the solution devised by the legislature in 1990 did not involve an amendment to the subsection concerning net accumulations, but rather an amendment to the subsection allowing children to recover for loss of parental consortium.
We are reluctant to affirm a $265 judgment under these circumstances. The personal representatives should understand that this minimal judgment is not the value this court or the state places upon the life of their mother. A recovery is never allowed for the value of anyone's life because that value cannot be measured in dollars. This minimal award is simply a reimbursement of the basic out-of-pocket expenses directly caused by her death. That may not seem fair, but it was the law at the time of her death, and this court is bound to follow that law.
Affirmed.
FRANK, C.J., and BLUE, J., concur.
NOTES
[1] Ironically, the supreme court's decision in Vildibill, a year later, did not embrace the literal reading of the statute. The supreme court's interpretation of the statute probably eliminated the need for the 1985 amendment.